Municipio de Humacao, demandante-apelante-apelado, *v.* Central Pasto Viejo, demandada-apelada-apelante.

No. 4193.—*Visto:* Mayo 19, 1927. *Resuelto:* Diciembre 24, 1927.

1. Injunction—Injunctions Preliminares e Interlocutorios—Fundamentos y Procedimientos para Obtenerlo—*Restraining Order* Mientras el Pleito de Injunction se Resuelve.—Cuando la parte demandada en un caso de *injunction* no niega los hechos en que se basa la demanda o los niega en tal forma que dichos hechos quedan en pie, está justificada la corte para dictar su resolución concediendo el *injunction* preliminar solicitado basándose en que los hechos alegados en la demanda son ciertos.

2. Injunction—Injunctions Preliminares e Interlocutorios—Continuación, Modificación, Anulación o Disolución—Notificación de la Moción a la Parte Contraria.—La regla general es que un *injunction*, aunque haya sido obtenido *ex-parte*, no será disuelto o modificado mediante moción a menos que no se notifique al querellante, aún cuando se ha reconocido que puede hacerse sin notificarse o sin oirse a éste en casos extremos como cuando la demora ocasionaría serias pérdidas.

Resolución de *Gabriel Castejón,* J. (Humacao), declarando sin lugar oposición a órdenes de *injunction* preliminar. *Sin lugar los recursos interpuestos.*

*González Fagundo & González Jr.,* abogados del demandante-apelante-apelado; *Henry G. Molina,* abogado de la demandada-apelada-apelante.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El Municipio de Humacao archivó en la corte de su distrito una demanda de *injunction* contra la Central Pasto Viejo, Inc. Alegó que dicha Central estaba construyendo un ferrocarril por uno de los caminos vecinales del municipio sin permiso de éste y en perjuicio de la comunidad.

El propio día en que archivó su demanda, el municipio radicó una "moción solicitando restraining order" basada en los mismos hechos y en la necesidad de que la demandada fuera puesta en entredicho mientras el pleito se resolvía. La moción fué inmediatamente declarada con lugar. Algunos días después el Municipio presentó una demanda enmendada.

Aparece luego una resolución de la corte dictada el 29 de septiembre de 1926 en la cual se consigna que "llamado el caso para la vista de la solicitud de *injunction* preliminar,

comparecieron ambas partes en la cámara del juez.'' Y además que ''por acuerdo de ambas partes la Corte ordena que permanezca vigente la orden de entredicho dictada en este caso con fecha 2 de septiembre de 1926 en los mismos términos en que está redactada.'' Se concedió a la demandada un término de diez días para contestar la demanda enmendada. La contestación si se presentó, no aparece en la transcripción de los autos.

Así las cosas, el municipio pidió permiso para radicar una demanda complementaria consignando el hecho nuevo ocurrido después de archivada la demanda original de haber la demandada establecido la vía férrea sobre el camino en cuestión con intención de cruzar sus locomotoras y. trenes por ella, y el de haber la demandada solicitado permiso del municipio para tender sus vías por varios caminos vecinales entre ellos por el de que se trata en el pleito y haberle sido dicho permiso denegado por la asamblea municipal por resolución de 10 de septiembre de 1926, aprobada por el alcalde tres días después.

El permiso para archivar la demanda complementaria fué concedido y la demanda archivada, y el municipio, el 1 de octubre de 1926, basándose en los nuevos hechos alegados, presentó otra ''moción solicitando restraining order,'' a fin de. que mientras se resolvía el litigio se prohibiera a la demandada ocupar el camino con sus locomotoras y trenes. La corte proveyó a la moción ordenando a la demandada que compareciera el 2 de noviembre siguiente a mostrar causa por la cual no debiera concederse el *injunction* solicitado, prohibiéndole entretanto realizar acto alguno sobre el camino en cuestión.

El 8 de octubre de 1926 la demandada archivó un escrito de ''excepción previa y contestación a la demanda' complementaria.'' Alegó que en dicha demanda no se exponían hechos suficientes para constituir una causa de acción y negó algunos hechos y admitió otros, exponiendo como defensa especial que la asamblea municipal por unanimidad el 31

de agosto de 1926 le concedió el permiso necesario para las obras ejecutadas y si luego varió de criterio se debió a la influencia indebida ejercida sobre sus miembros por Antonio Roig, dueño de otra central y de ferrocarriles en la misma jurisdicción.

Presentó además la demandada una "moción pidiendo revocación del 'restraining order' mediante fianza." Sin oir al demandante, la corte accedió, fijando el montante de la fianza en cinco mil dólares.

El día 2 de noviembre de 1926, señalado por la corte para ello, compareció la demandada y como causas para que no se concediera "el *injunction* solicitado por el demandante" alegó: . . . . Que la demanda complementaria no aducía hechos suficientes; que el demandante no había presentado moción alguna solicitando *injunction* preliminar; que la moción solicitando "restraining order" no expone hechos suficientes; que no se había justificado por *affidavits* la necesidad de un "restraining order"; que la demandada tiene una buena y suficiente defensa según constaba de su contestación archivada en los autos, y que reproducía los hechos alegados en su moción pidiendo revocación del "restraining order mediante prestación de fianza" de 8 de octubre de 1926.

Tomó la corte bajo su consideración el caso y el 17 de enero de 1927, por los fundamentos que consignó en una opinión emitida al efecto, decretó "el *injunction* preliminar solicitado" y ordenó a la demandada que no ocupara ni usara el camino mientras el litigio se resolvía.

El 22 de enero de 1927 la demandada presentó un escrito a la Corte pidiéndole que anulara su orden de 17 de enero, por las razones consignadas en el mismo. Y la Corte sin oir al demandante resolvió que el *injunction* preliminar decretado quedara suspendido en su ejecución por haber prestado la demandada una buena y suficiente fianza que fué aprobada el 8 de octubre de 1926.

Y contra esa resolución de la corte, dictada el propio

día 22 de enero de 1927, es que ambas partes han apelado, el demandante, en general, y la demandada en cuanto por ella se dejó de declarar la nulidad pedida.

Estudiaremos primero el recurso establecido por la demandada. Según se desprende de su alegato, no fué la intención de dicha parte apelar de la resolución de 22 de enero. Se vió obligada a hacerlo según dice cuando el demandante recurrió de la misma para ante este tribunal. A la dicha parte demandada le bastaba la suspensión de la ejecución de la orden de *injunction* hasta que el caso se decidiera en sus méritos.

La demandada no apeló de la orden concediendo el *injunction* de enero 17, 1927. Se dirigió a la misma corte de distrito y le pidió que la anulara. Y de la orden negando implícitamente la nulidad fué que interpuso la presente apelación.

[1] La nulidad fué pedida (*a*) porque de acuerdo con el procedimiento fijado por la misma corte si dicha corte resolviera como resolvió en contra de la demandada las cuestiones de derecho por ella suscitadas, el caso sería señalado de nuevo para la presentación de las pruebas en cuanto a los hechos y no decidido finalmente como lo hizo la corte por su resolución de enero 17, 1927, y (*b*) porque en la opinión que sirvió de base a su resolución la Corte dice que ''la contestación en las órdenes para mostrar causa comprende solamente cuestiones de derecho sin negar los hechos alegados por el municipio demandante en sus mociones solicitando el interdicto, y siendo así hay que aceptar como ciertos los hechos que sirven de base al *injunction* preliminar,'' cuando tal afirmación es errónea según se comprueba con las mismas alegaciones.

Los autos guardan silencio sobre el primer extremo. Sólo aparece la afirmación de la demandada en su escrito. El segundo surge de la misma opinión en que se funda la resolución concediendo el *injunction*. No hay duda alguna de que la corte partió de la base de la admisión de la verdad

de los hechos alegados por el demandante por no haber sido negados por la demandada.

Si se examinan las defensas quinta y sexta de la contestación mostrando causa archivada en noviembre 2, 1926, se verá que se hacen formar parte de la misma la contestación ya radicada y la moción pidiendo la revocación del "restraining order mediante prestación de fianza." Y si se examinan esos documentos, se verá que las negativas que contienen se refieren a los hechos alegados en la demanda complementaria. Los hechos consignados en la demanda original enmendada no aparecen negados. Y las negativas que contiene la contestación a la demanda complementaria son de tal naturaleza que dejan en pie los hechos fundamentales alegados por el municipio para pedir la extensión del *injunction.*

Siendo ello así, no puede sostenerse que la base en que descansa la resolución apelada sea errónea, y en tal virtud que esta corte esté justificada para decidir que el escrito de nulidad debió haber sido declarado con lugar.

[2] Esto dispone de la apelación interpuesta por la demandada. Examinemos la establecida por el demandante. Versa sólo, como dijimos, sobre la parte de la orden que suspende la ejecución del *injunction.*

Sostiene el demandante y apelante que la corte erró al dejar prácticamente sin efecto el *injunction* decretado sin oirlo y al fundarse en una fianza que ya no tenía validez.

La ley, sección 8 de la ley sobre *injunctions,* Comp. 1911, pág. 294, nada ordena sobre notificación.

Corpus Juris resume la jurisprudencia sobre la materia así:

"A no ser que un estatuto disponga lo contrario, la regla general es que un injunction no será disuelto o modificado mediante moción a menos que se notifique al querellante; esto es así a pesar de que el injunction haya sido obtenido *ex parte,* en ausencia de un estatuto que disponga lo contrario o a pesar de que la disolución se solicite mediante moción o por una demanda de contra-injunction. Sin embargo, se ha reconocido en un número de decisiones que en casos extremos puede disolverse un injunction sin notificarse o sin

oirse al querellante, como por ejemplo cuando la demora ocasionaría serias pérdidas, y en algunos estados cuando de la faz de la petición se ve una falta de equidad o cuando se hace a tiempo y en corte abierta." 32 C. J. 411.

La parte demandada admite que la buena práctica exige que la moción se notifique a la parte contraria, pero sostiene que su caso está comprendido en la excepción.

Tenemos dudas sobre si el caso de la demandada presenta todas las circunstancias que la excepción requiere pero la verdad es que surge tan confuso de la transcripción que nos parece que la corte de distrito estaba en mejores condiciones que nosotros para ejercitar su discreción y que no debemos sustituir nuestro juicio por el suyo.

En el alegato del demandante y apelante no se dice por qué la fianza en que el juez descansó carecía de validez. Esto bastaría para no seguir tratando la cuestión. Eso no obstante, hemos examinado la fianza y quizá la afirmación del apelante esté basada en que dicha fianza fué prestada con un fin determinado y no puede extenderse a otro. Sin embargo, la fianza por sí misma parece más amplia. De todos modos, el demandante puede pedir a la corte de distrito que se sustituya o amplíe si ello fuere procedente.

*Ambos recursos deben ser, pues, declarados sin lugar.*